IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 10, 2017

## BARRY N. WADDELL v. STATE OF TENNESSEE

Appeal from the Criminal Court for Davidson County
No. 96-C-1372     Cheryl Blackburn, Judge

_____

No. M2016-02509-CCA-R3-PC

_____

The pro se Petitioner, Barry N. Waddell, appeals the denial of his second motion to reopen his petition for post-conviction relief. Following our review, we dismiss the appeal for lack of jurisdiction because the Petitioner failed to comply with the statutory requirements governing an appeal from the denial of a motion to reopen post-conviction proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Barry N. Waddell, Pikeville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; M. Todd Ridley, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Megan McNabb King, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In March 1997, the Petitioner was convicted by a Davidson County Criminal Court jury of two counts of rape of a child and two counts of aggravated sexual battery based on his abuse of a seven-year-old girl who was a friend of the Petitioner's stepdaughter. He was subsequently sentenced by the trial court to an effective term of seventy years in the Department of Correction. This court affirmed his convictions on direct appeal but reduced his effective sentence to sixty-six years. See State v. Barry

Waddell, No. 01C01-9801-CR-00016, 1999 WL 343913, at *1 (Tenn. Crim. App. June 1, 1999), no perm. app. filed.

On August 11, 2000, the pro se Petitioner filed a petition for post-conviction relief in which he sought a delayed appeal of a Rule 11 application, and the post-conviction court summarily dismissed it as time-barred on December 12, 2000. This court affirmed the summary dismissal, and our supreme court denied the Petitioner's application for permission to appeal. See Barry N. Waddell v. State, No. M2001-00096-CCA-R3-PC, 2001 WL 1246393, at *1 (Tenn. Crim. App. Oct. 17, 2001), perm. app. denied (Tenn. Apr. 8, 2002).

A number of years later, the Petitioner filed his first motion to reopen his post-conviction petition, which was denied by the trial court. On April 29, 2008, this court entered an order affirming the judgment of the trial court. On October 27, 2008, our supreme court denied the Petitioner's application for permission to appeal.

On October 3, 2016, the Petitioner filed the "Motion to Reopen Post-Conviction Petition" that is at issue in this case. In his affidavit in support of the motion, he argued that Sutton v. Carpenter, 745 F.3d 787 (6th Cir. 2014), established a new rule of constitutional law affording him the right to "file a post-conviction [petition] under a motion to reopen [a] post-conviction[.]" The Petitioner asserted that Sutton's new rule of constitutional law required the "tolling of the (1) year statu[t]e of limitations in which to file a post[-]conviction" in cases such as his, in which he "never had the chance to raise ineffective assistance of trial counsel because of the state's procedural framework[.]"

On October 11, 2016, the trial court entered an order denying the motion to reopen on the basis that it was not only time-barred but also failed to state a cognizable claim for relief. On December 12, 2016, the Petitioner filed a "Notice of Appeal Pursuant to Rule 4 Appellate Procedure" in the Davidson County Criminal Court.

## ANALYSIS

The Petitioner challenges the trial court's denial of his motion to reopen his post-conviction petition, arguing that both the United States and Tennessee Constitutions "provide a right to post-conviction counsel to post-conviction petitioners alleging ineffective assistance of trial counsel in a first petition for post-conviction relief" and that "due process provisions . . . require that the Post-Conviction Procedure Act's statute of limitations be tolled when a petitioner has alleged ineffective assistance of trial counsel in a first petition for post-conviction relief." The State responds by arguing that the Petitioner's appeal should be dismissed because he "failed to file a proper application

with this [c]ourt to re-open his post-conviction proceeding." In the alternative, the State argues that the trial court properly denied the Petitioner's motion to reopen.

We agree with the State that the Petitioner filed an untimely and incomplete application for permission to appeal the denial of his motion to reopen his post-conviction petition. Tennessee Code Annotated section 40-30-117, "Motions to reopen," provides in pertinent part:

> (a) A petitioner may file a motion in the trial court to reopen the first post-conviction petition only if the following applies:
>
> (1) The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The motion must be filed within one (1) year of the ruling of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial; . . .
>
> . . . .
>
> (c) If the motion is denied, the petitioner shall have thirty (30) days to file an application in the court of criminal appeals seeking permission to appeal. The application shall be accompanied by copies of all the documents filed by both parties in the trial court and the order denying the motion. The state shall have thirty (30) days to respond. The court of criminal appeals shall not grant the application unless it appears that the trial court abused its discretion in denying the motion. If it determines that the trial court did so abuse its discretion, the court of criminal appeals shall remand the matter to the trial court for further proceedings.

Tenn. Code Ann. § 40-30-117(a)(1), (c) (2012).

The Petitioner filed his single-page, self-styled "Notice of Appeal Pursuant to Rule 4 Appellate Procedure" on December 12, 2016, well beyond the thirty-day limit for applying for permission to appeal the trial court's October 11, 2016 denial of his motion to reopen. In addition, he did not attach any of the required documents to his "Notice of Appeal." As such, we agree with the State that we lack jurisdiction and that the appeal should be dismissed.

-3-

Moreover, even if we were to consider the appeal on its merits, we would conclude that the trial court properly denied the motion to reopen on the basis that the Petitioner filed the motion more than a year after the opinion in Sutton was released and that Sutton did not establish a new rule of constitutional law that required retroactive application to the Petitioner's case. Accordingly, we dismiss this appeal.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we dismiss the appeal for lack of jurisdiction.

_____
ALAN E. GLENN, JUDGE